UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| BRANDON J. BRITT | ) | | |
|---|---|---|---|
| | ) | | |
| v. | ) | Cause No. | 1:19-CR-55-HAB |
| | ) | | 1:20-CV-431-HAB |
| UNITED STATES OF AMERICA | ) | | |

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 25) (the "Motion"). The Government has filed its Response (ECF No. 28), and Defendant has replied (ECF No. 30). This matter is now ripe for determination.

**A.    Procedural Matters**

**1.    *Timeliness***

In a lengthy footnote on page 3 of its response, the Government appears to question the timeliness of the Motion. (*See* ECF No. 28 at 3, n.1). The Government concedes that the Motion is governed by the "prison mailbox rule" via Rule 3(d) of the Rules Governing Section 2255 Proceedings, concedes that the Motion purports to have been delivered to the prison mailing system on November 10, 2020, and concedes that, if that date is accurate, the Motion is timely filed. However, the Government notes, without further argument or comments, that the declaration of delivery "was not supported by a notarized statement and the statement does not appear to be in full compliance with 28 U.S.C. § 1746." (*Id.*).

The Court cannot understand why the Government thought it appropriate to include this footnote in its response. It bears emphasizing that the challenged verification of delivery that Defendant executed was not drafted by him (or, as discussed below, his "paralegal"); it was the

pre-printed verification that appears on the last page of the AO 243 § 2255 form. (ECF No. 25 at 12). Stated another way, Defendant signed the verification he was directed to sign by the Administrative Office of the United States Courts. Is it the Government's position that this verification is legally deficient to establish mailing for the purposes of Rule 3(d)? Is the Government asking the Court to find that something more than this government-sanctioned form is required?

Ignoring, for a moment, that the United States government prepared the language that Defendant executed, the assertion that the language "does not appear to be in full compliance with 28 U.S.C. § 1746" is not accurate. That statute provides that the following language can be used as a verification for documents executed within the United States: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)". 28 U.S.C. § 1746(2). The verification executed by Defendant states: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on November 10, 2020. Executed (signed) on November 10, 2020." (ECF No. 25 at 12). This language is *exactly* the language from § 1746 with the addition of the necessary mailing language.

In summary, the Court finds no basis to question the timeliness of the Motion. The Government's suggestion to the contrary is factually and legally meritless.

**2.**     *Unauthorized Practice of Law*

A close review of the Motion and the reply raises a second procedural issue that must be addressed. Defendant's supporting brief (ECF No. 25-1) and reply (ECF No. 30) are signed by Defendant, as one would expect. (ECF Nos. 25-1 at 14; 30 at 10). What the Court did not expect was the appearance of a second name on the signature block. Appearing on both documents is a

notation that they were "prepared by Paralegal: Henry P. Richardson." (*Id.*). Mr. Richardson then lists a "Student Id." number and a mailing address at "BCI". (*Id.*).

Through some internet sleuthing, the Court has pieced together what appears to have occurred. Despite listing an Allentown, Pennsylvania, mailing address, Richardson is a resident of Glenville, West Virginia; specifically, he is an inmate at FCI Gilmer.[1] The mailing address corresponds with the Blackstone Career Institute, an educational institution that offers online paralegal courses.[2] BCI's courses appear to be a favorite of would-be jailhouse lawyers across the country. *See, e.g.*, *Walker v. Mich. Dept. of Corrs.*, 2020 WL 1163986 (W.D. Mich. March 11, 2020); *Smith v. Warden, Deuel Vocational Inst.*, 2019 WL 1367809 (E.D. Cal. March 26, 2019); *Johnson v. Saad*, 2018 WL 9686668 (S.D.W.V. Aug. 21, 2018); *Dalrymple v. Dooley*, 2014 WL 1246476 (D.S.D. March 25, 2014); *Brignac v. Kimzey*, 2009 WL 545991 (E.D. Cal. March 4, 2009); *Henderson v. Mich. Dept. of Corrs.*, 2006 WL 958743 (W.D. Mich. April 10, 2006). Although there appears to be some attempt by Defendant and Richardson to hide it, the Motion was prepared by one of Defendant's fellow inmates.

Parties to lawsuits in federal court "may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. A non-lawyer cannot handle a case on behalf of anyone except himself. *Georgakis v. Ill. State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013). This prohibition against non-lawyer representation applies to inmates representing other inmates in § 2255 proceedings. *Castro v. Samuel*, 50 F.Supp.3d 377 (E.D.N.Y. 2014).

Federal courts have, however, recognized a distinction between an inmate representing a fellow inmate and assisting a fellow inmate. *See Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982). Indeed, the United States Supreme Court has guaranteed the right of inmates

---

[1] https://www.bop.gov/inmateloc/
[2] https://blackstone.edu/paralegal/

3

to obtain assistance from fellow inmates in preparing legal filings. *Wolff v. McDonnell*, 418 U.S. 539 (1974); *Johnson v. Avery*, 393 U.S. 483 (1969). The question in this case is whether the preparation of filings, that is, the identification of issues and drafting of arguments, constitutes representation or assistance.

The Court finds no clear answer from the caselaw. Both *Johnson* and *Wolff* were decided in the context of prison rules barring inmates from furnishing any assistance to fellow inmates. *Johnson*, 393 U.S. at 485; *Wolff*, 418 U.S. at 577–78. On the other end of the spectrum, cases denying non-attorney representation speak to preventing a non-attorney from entering an appearance. *See Herrera-Venegas*, 681 F.2d at 41. This is true even though 28 U.S.C. § 2242 authorizes the filing of a habeas petition "by someone acting [on a prisoner's] behalf." *See Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) ("individuals not licensed to practice law by the state may not use the 'next friend' device as an artifice for the unauthorized practice of law."). The Court is unable to find any authority in the middle, that is, where a non-attorney inmate has done all the acts constituting representation without filing an appearance.

The closest, albeit imperfect, authority the Court can find is *Vassen v. United States*, 2015 WL 5782343 (S.D. Ill. Oct. 5, 2015). There, the petitioner filed the § 2255 motion, but his "non-attorney relative" filed a memorandum in support and a supplemental memorandum in support. Noting that "[n]o explanation is provided as to why [the non-attorney relative] is signing and submitting the subject pleadings on behalf of the petitioner," the district court ordered the memoranda stricken. *Id.* at *7–8.

The Court concedes that *Vassen* is not a perfect fit. Defendant, unlike the petitioner in *Vassen*, signed each of the filings in this case. However, as the documents in this case state, they were plainly prepared by an individual without a license to practice law and who has not been

4

admitted to this Court. Reviewing the case law, the Court does not believe that an individual can avoid the consequences of practicing law without a license simply by not submitting a formal appearance. To so hold would be the definition of elevating form over substance.

So where does this leave Defendant? The only document that does not purport to have been prepared by Richardson is the Motion itself. While the Court has little doubt that the Motion was prepared by Richardson just as fully as the other documents, it will permit the Motion to stand. With respect to the documents bearing Richardson's name, the supporting memorandum (ECF No. 25-1) and the reply brief (ECF No. 30), the Court will follow the lead of *Vassen* and those filings will be stricken. This resolution strikes the most blatant violations of the rules against non-lawyer representation, while at the same time avoiding a timeliness issue that might arise should the Motion be stricken as well.

**B.     Conclusion**

For the foregoing reasons, Defendant's memorandum in support of his § 2255 motion (ECF No. 25-1) and his reply (ECF No. 30) are STRICKEN. Defendant is granted leave to file a substitute memorandum on or before May 7, 2021. The Court holds the Motion under advisement until Defendant either submits further briefing or the deadline to do so elapses.

SO ORDERED on April 6, 2021.

                                            s/ *Holly A. Brady*
                                           JUDGE HOLLY A. BRADY
                                           UNITED STATES DISTRICT COURT