UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| v. | ) | Cause No. | 1:19-CR-55-HAB |
| | ) | | 1:20-CV-431-HAB |
| BRANDON J. BRITT | ) | | |

**OPINION AND ORDER**

This matter is, again, before the Court on Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 25). The Court previously struck Defendant's memorandum of law in support of his Motion (ECF No. 25-1) and his Reply Motion (ECF No. 30) on the grounds that they were prepared, in their entirety, by a non-attorney fellow inmate. (*See* ECF No. 31). The Court reasoned that this was beyond the scope of "assistance" from a fellow inmate, as permitted by the United States Supreme Court in *Wolff v. McDonnell*, 418 U.S. 539 (1974) and *Johnson v. Avery*, 393 U.S. 483 (1969). However, the Court gave Defendant until May 7, 2021, to file a substitute memorandum. Undeterred, Defendant filed the *exact same* memoranda that had been stricken, with reference to the fellow inmate redacted, on May 10, 2021. Defendant also filed an Objection to the Court's order striking his prior submissions. (ECF No. 34).

A.   **Procedural History**

On April 3, 2019, law enforcement stopped a vehicle in which Defendant was a passenger. During the stop, the officer observed a handgun on Defendant's person. This was problematic for Defendant because he had previously been convicted of multiple felony offenses, including Dealing in Cocaine or a Narcotic Drug, Unlawful Possession of a Firearm by a Serious Violent

Felon, and Robbery. In fact, he had been released from his most recent felony imprisonment only three months prior to his arrest in this case.

In April 2019, Defendant was indicted on a single count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The indictment did not allege that Defendant knew his status as a convicted felon. Two months later, the Supreme Court decided *Rehaif v. United States*, 139 S.Ct. 2191 (2019), wherein the Supreme Court held that § 922(g) required that the Government allege and prove that a defendant knew of the condition which made him a prohibited person ineligible to possess a firearm. *Rehaif*, 139 S.Ct. at 2196. To comply with the requirements of *Rehaif*, the Government filed an Information in July 2019 charging Defendant with the same violation of § 922(g)(1) with the additional scienter requirement. Defendant waived prosecution by indictment and pleaded guilty to the information on July 25, 2019. Defendant was sentenced to 84 months' imprisonment with three years of supervised release to follow.

**B.     Legal Analysis**

**1.     Rehaif *Fails to Provide Defendant with Relief***

To succeed on a § 2255 petition, a defendant must demonstrate that the sentence imposed upon him or her was in violation of the Constitution or the laws of the United States, that the sentence was in excess of the maximum authorized by law or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Defendant contends that because he pleaded guilty to a crime without knowledge of the essential elements of the offense, his conviction and sentence are unconstitutional. A guilty plea is constitutionally valid only if it is "voluntary" and "intelligent." *Brady v. United States*, 397 U.S. 742, 748 (1970). If a criminal defendant is not informed of the nature of the charge against him, the plea does not qualify as intelligent or constitutional. *Bousley*

*v. United States*, 523 U.S. 614, 618 (1998). And if the criminal defendant, counsel, and the court do not understand the elements of the charged crime, the guilty plea is constitutionally invalid. *Id*.

As noted above, Defendant's challenge to his plea arises out of the United States Supreme Court's decision in *Rehaif*. The question in *Rehaif* was whether, in a prosecution for illegal possession of a firearm under 18 U.S.C. §§ 922(g) and 924(a)(2), the government had to prove to the jury that Rehaif knew that he was an alien "illegally or unlawfully in the United States," in which case he was barred from possessing a firearm. The Supreme Court concluded that the government was required to prove that Rehaif knew that he was in illegal alien status. *Rehaif*, 139 S. Ct. at 2200 ("[I]n a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."). For those charged with being a felon in possession of a firearm, *Rehaif* requires the government to prove that the criminal defendant knew that he or she possessed a firearm, and knew that he or she had been previously convicted of a crime punishable by imprisonment for a term exceeding one year. *United States v. Williams*, 946 F.3d 968, 971 (7th Cir. 2020).

*Rehaif* represented an about-face from the decisions of every federal circuit court that had examined the question; all the federal circuit courts had ruled that the government did not need to prove that the defendant knew he belonged to one of the prohibited classes in order to show that he was guilty of a § 922(g) violation. *United States v. Maez*, 960 F.3d 949, 957 (7th Cir. 2020) ("*Rehaif* went counter to the settled views of every federal court of appeals on an issue affecting thousands of felon-in-possession prosecutions every year."); *United States v. Payne*, 964 F.3d 652, 655 (7th Cir. 2020) ("This [*Rehaif*] decision upset not only the law of this circuit but the unanimous conclusion of all the courts of appeals."); *United States v. Williams*, 946 F.3d 968, 970 (7th Cir.

3

2020) ("The Supreme Court's recent decision in [*Rehaif*] upset what was once a seemingly settled question of federal law."). Defendant was initially prosecuted under the prior interpretation of § 922(g) and, as a result, his knowledge that he belonged to one of the prohibited classes was not alleged in the indictment. Ignoring the fact that this error was cured in the subsequent information, it is the failure to allege and prove this element that forms the basis of the instant motion.

Since Defendant did not move to withdraw his plea as part of the original prosecution, his request to do so now can be reviewed only for plain error. *Williams*, 946 F.3d at 971. Plain error has four elements: (1) there was an error, (2) the error is clear and obvious, (3) the error affected the defendant's substantial rights, and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Zacahua*, 940 F.3d 342, 344 (7th Cir. 2019). The Government's briefing focuses on the last two elements.

Defendant bears the burden of persuasion on the question of whether the error affected his substantial rights. *Williams*, 946 F.3d at 973. To meet this burden, "a defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

As the Western District of Wisconsin has noted, "[i]n many cases filed in response to the *Rehaif* decision, the criminal defendant has no plausible argument that he would have seriously considered going to trial with a *Rehaif* argument or that *Rehaif* would have made any difference to the outcome of his case." *Moore v. United States*, 2020 WL 4785432 at *3 (W.D. Wis. Aug. 18, 2020). The showing is not, however, impossible. Federal circuits have identified two scenarios where the showing could be made. The first scenario is where a person was convicted of a felony but sentenced only to probation. *Williams*, 946 F.3d at 973. The second was where an individual

4

had pleaded guilty to a felony but had not yet been sentenced. *See United States v. Davies*, 942 F.3d 871, 874 (8th Cir. 2019).

Defendant does not claim that he falls into either category. Rather, Defendant claims that he is "actual [sic] innocent" because the Government did not prove the knowledge element. (*See* ECF No. 25 at 5). Despite his protestations of innocence, Defendant cannot meet his burden. Rather, the record is clear that Defendant would have pled guilty even in a post-*Rehaif* world (which, in fact, was the world in which he pleaded) because he admitted to knowing that he was a prohibited individual at the time of his plea. Defendant stated, under oath, "I am a convicted felon and I knew I was convicted of a felon [sic] April 3rd, 2019. I knew that I was convicted of a felon [sic]. I was not allowed to possess a weapon at all and I did so anyway." (ECF No. 27 at 24). Defendant, then, admitted to every element of a § 922(g) offense even as the statute was interpreted in *Rehaif*. His *Rehaif*-related challenge has no merit.

Even without his unequivocal admissions of guilt, Defendant's case falls into a category where "the chance of a *Rehaif*-based argument succeeding on this record is nil." *Williams*, 946 F.3d at 974. Defendant didn't have one prior felony conviction, he had **six**. (*See* ECF No. 1 at 1). Defendant served multiple prison sentences of more than one year, including eighteen months from June 2009 through January 2011, and thirty-one months from May 2016 through December 2018. This means that Defendant would have to convince a jury that he did not know where he spent this nearly four years of his life, or that he honestly believed that multiple Indiana courts sentenced him above the statutory maximum. *Williams*, 946 F.3d at 974. This lack of plausible ignorance leaves the Court with the utmost confidence that Defendant's substantial rights were not affected by his guilty plea.

5

But there's more! As part of his plea agreement, Defendant and the Government agreed to a term of imprisonment of 84 months, nearly a year below the bottom-end of his guideline range. (*See* ECF No. 16 at 21). Given Defendant's extensive felony record and his under-oath admission of guilt, the Court does not see any reasonable possibility that Defendant would have risked a longer sentence of imprisonment on the non-existent chance of an acquittal at trial. Defendant made the proper choice in accepting the plea he was offered. Nothing in his filings demonstrates that *Rehaif* made that choice any less proper.

With *Rehaif* offering Defendant no relief, the Court cannot say that counsel rendered ineffective assistance of counsel by failing to challenge the information or by failing to raise *Rehaif* as a defense to the charge. *See Strickland v. Washington*, 466 U.S. 668 (1984) (requiring a petitioner to show that counsel's performance was deficient and that he was prejudiced by the deficient performance). The Court finds no basis upon which to grant Defendant's § 2255 motion, and that motion will be denied.

**2.      *Defendant cannot be Represented by a Fellow Inmate***

Defendant has also filed an objection to this Court's order striking his § 2255 pleadings that purported to be "prepared by" Henry P. Richardson, a fellow inmate at FCI Gilmer. Defendant's objection adds nothing to the analysis that this Court performed in Docket No. 31. Instead, it simply states, repeatedly, that Richardson provided "assistance" as permitted in *Johnson* and *Wolff*.

At the end of the day, Defendant's objection is irrelevant. Nothing in Defendant's briefing changes the outcome of this case. The Court has elected not to strike Defendant's most recent filings, even though they violate the letter and spirit of this Court's previous order. The Court has made this election out of expedience, as the briefing presents no cognizable legal argument. While

Richardson describes himself as "skilled in criminal law" (ECF No. 34 at 4), and while he may have articulated arguments more eloquently than Defendant could have, the fact of the matter remains that those arguments were legally incorrect.

Because the Court has accepted ECF Nos. 32 and 33 which, as noted above, are substantively identical to the previously stricken filings, Defendant's objection (ECF No. 34) is overruled as moot.

**3.      *Certificate of Appealability***

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

No reasonable jurist could conclude that Defendant is entitled to relief under *Rehaif*. Accordingly, the Court will not issue Defendant a certificate of appealability on the substance of Defendant's § 2255 motion. However, the Court will issue a certificate of appealability on the issue of inmate representation. As the Court noted in its prior order, there is little case law in this

area. It is questionable as to whether, in light of today's order, this remains a live controversy, but the Court will not stand in the way of Defendant should he wish to pursue this issue further.

**C.     Conclusion**

For the foregoing reasons, Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 25) is DENIED. Defendant's Objections to Court Order (ECF No. 34) are OVERRULED as moot. The Court ISSUES a certificate of appealability on the limited issue of whether the preparation of filings, that is, the identification of issues and drafting of arguments, constitutes "representation" or "assistance."

SO ORDERED on May 11, 2021.

                                  s/ Holly A. Brady_____
                                   JUDGE HOLLY A. BRADY
                                   UNITED STATES DISTRICT COURT